Stephens v. Christian                    CV-96-177-SD 01/15/98
                 UNITED STATES DISTRICT COURT FOR THE

                       DISTRICT OF NEW HAMPSHIRE


John Stephens

        v.                                Civil No. 96-177-SD

Sarah Christian;
Berrill Farms Home
Owners Association

        v.

Northland Residential Corporation


                            O R D E R


        This matter is before the court for resolution of the issues

raised by certain pending pretrial motions.[1]


1.  Motion of Northland Residential Corporation to Exclude

Evidence of Construction Complaints Unrelated to Decks (document

50)

        The third-party defendant, Northland Residential Corporation

(Northland), and its predecessors in interest were the general

contractor for the construction of the multiple condominium units

_____

        [1]As of this writing, the case has been scheduled for a
settlement conference before the magistrate judge on February 13,
1998.  If not disposed of by settlement, the case has been reset
for jury selection on May 19, 1998.

known as Berrill Farms Condominiums. The instant action concerns injuries sustained by the plaintiff John W. Stephens allegedly caused when he fell due to improper construction of a railing on a deck on one such condominium.[2]

Northland moves to exclude evidence "concerning complaints or problems that are unrelated to the construction or repair of decks and railings at the condominium project." Document 50, at 1 (emphasis supplied). Defendant Sarah Christian objects. Document 54.

Fairly read, however, Christian's objection does not serve to oppose the motion. It seeks to permit evidence "relating to construction complaints of decks at this particular condominium development." Document 54, at 1. But Northland does not seek to bar such evidence, which is clearly relevant, but only, as above indicated, evidence of complaints unrelated to the condominium decks.

Accordingly, the motion is herewith granted, as the court finds that evidence of complaints unrelated to construction of the decks is irrelevant and unfairly prejudicial to Northland. Rules 401, 403, Fed. R. Evid.[3]

---

[2]That condominium was owned by defendant Sarah Christian.

[3]Rule 401, Fed. R. Evid., provides, "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."
Rule 403, Fed. R. Evid., provides, "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the

## 2. Northland's Motion In Limine to Exclude Expert Testimony and Report of Gerald Vezina, P.E. (document 51)

Claiming the occurrence of "spoliation of evidence," Northern moves to exclude the evidence of Gerald Vezina, P.E., an expert retained by defendant Berrill Fairs in June 1994 to examine the condition of the allegedly defective deck railing. Defendants Christian (document 55) and Berrill Farms (document 58) object to the motion.

The accident at issue occurred on or about June 1, 1994. On or about June 14, 1994, the board of directors of Berrill Farms voted to hire a structural engineer to inspect all of the decks of the condominium premises. On June 24, 1994, Mr. Vezina, who had been employed for this purpose, submitted such a report to the board of directors. At a July 12, 1994, meeting of the board of directors "it was suggested that this report should be sent to our insurance company now and at a later date to Northland." Defendant's Exhibit G (attached to motion).[4]

As of the time Vezina was hired, claims had been made by plaintiff Stephens only against defendants Christian and Berrill Farms, and in fact Stephens brought suit only against those

---

issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

[4]Defendant's Exhibit G is a copy of the minutes of the July 12, 1994, meeting of the board of directors of Berrill Farms.

defendants on April 4, 1996.  Defendant Northland was subsequently added by third-party complaint of Christian in October of 1996.

Christian and Berrill Farms contend that as of the time of the hiring of Vezina, they had no reason to expect that Northland would be a party to this litigation.  Moreover, they point out that the actual repairs to the allegedly defective condominium railing were performed by one Bill Bizarro, a contractor employed by Northland.

Application of the factors concerning spoliation of evidence[5] satisfies the court that Northland is not here entitled to the relief which it seeks.  The court finds that, assuming that there was a certain amount of prejudice to Northland, it can be cured and that the actions of Berrill Farms' board of directors were in good faith and there is little potential for abuse if the evidence is not excluded.  If necessary, the court will, should the case remain undisposed of by settlement, grant Northland such reopening of discovery as it desires to depose and/or prepare testimony from Mr. Bizarro.  Based on the circumstances before the court at this juncture, however, the

---

[5]These factors include (1) whether the defendant was prejudiced as a result of [inability to be present at the examination by the engineer]; (2) whether the prejudice can be cured; (3) the practical importance of the evidence; (4) whether the plaintiff was in good faith or bad faith; and (5) the potential for abuse if the evidence is not excluded. Mayes v. Black & Decker (US), Inc., 931 F. Supp. 80, 83 (D.N.H. 1996) (quotations and citations omitted).

4

court finds and rules that the motion to exclude the testimony of Mr. Vezina must be denied.[6]

### 3. Northland's Motion In Limine to Exclude Plaintiff's Opinions Concerning Improper Deck Design (document 52)

In the course of discovery, plaintiff opined that the condominium deck railing was improperly designed. Contending that plaintiff is unqualified to render such opinion, defendant Northland seeks exclusion of his testimony to that effect. Defendant Christian objects. Document 56.

Plaintiff Stephens has been engaged in the residential and commercial cleaning business for 22 years. Although he apparently performed some carpentry many years ago, his experience therein does not qualify him as an expert on construction practices. To be admissible, his opinion must therefore meet the requirements of Rule 701, Fed. R. Evid.[7]

The elements required for admission of lay testimony pursuant to Rule 701, Fed. R. Evid., include (1) that the witness

---

[6]Of course, the report of Vezina, as contrasted to his expert testimony, will not be presented to the jury.

[7]Rule 701, Fed. R. Evid., provides,

> If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue.

5

must have personal knowledge of the facts from which the opinion is to be derived; (2) there must be a rational connection between the opinion and the facts upon which it is based; and (3) the opinion must be helpful in understanding the testimony or determining a fact in issue. Swajian v. General Motors Corp., 916 F.2d 31, 36 (1st Cir. 1990). As the challenged opinion was based on post-accident examination of photographs, it clearly lacks the requirement of personal knowledge of the facts which existed as of the time of the accident.

The objection is largely based on the perception of defendant Christian that if plaintiff cannot give his opinion, her defense of plaintiff's comparative negligence will be weakened. But because the challenged opinion does not rest upon Stephens' personal knowledge, and granting of the motion will not bar cross-examination into his observations as of the time of the accident, the objection is without merit.

The motion is accordingly granted, and plaintiff Stephens is to be barred from expressing any opinion as to the design of the railings of the condominium decks.

## 4. Conclusion

For the reasons outlined, the court has granted Northland's motion in limine to exclude evidence of construction complaints unrelated to decks (document 50); denied Northland's motion in limine to exclude expert testimony of Gerald Vezina, P.E.

6

(document no. 51); and has granted Northland's motion in limine to exclude plaintiff's opinions concerning improper deck design (document no. 52).

The court is hopeful that the case will be disposed of by compromise settlement, but in the event it must be tried it has been reassigned for trial as hereinabove set forth.

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

January 15, 1998

cc:  George H. Ostler, Esq.
     Ralph R. Woodman, Jr., Esq.
     Douglas N. Steere, Esq.
     Wilfred J. Desmarais, Jr., Esq.